UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAKESHA JACHELLE WILMS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-423-HAB-ALT |
| J. VROOM, | |
| Defendant. | |

OPINION AND ORDER

Jakesha Jachelle Wilms, a prisoner without a lawyer, filed a complaint alleging Fort Wayne Police Officer J. Vroom used excessive force to falsely arrest her on March 15, 2025. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilms sues Officer Vroom and the Fort Wayne Police Department. However, the Police Department is not a suable entity. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (concluding municipal police departments in Indiana are not a suable entity). Moreover, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks*

*v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, the Fort Wayne Police Department must be dismissed.

Wilms was arrested and charged with Resisting Law Enforcement in violation of Indiana Code 35-44.1-3-1(a)(3) based on the events raised in her complaint. She pleaded guilty and was sentenced on June 23, 2025. *State v. Wilms*, 02D05-2503-CM-954 (Allen Super. Ct. filed March 17, 2025).[1] Because of that conviction, her claims in this case cannot be based on allegations that "necessarily imply the invalidity of [that] conviction or sentence" because it has not been reversed on direct appeal, expunged, or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Therefore, her false arrest claim must be dismissed.

Wilms alleges "Officer J. Vroom 2139F tackled me to the ground, using gratuitous force, and sitting on my buttocks while my skirt was raised and handcuffed me." ECF 1 at 2. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). An officer's use of force is unreasonable if, judging from the totality of the circumstances at

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

the time of the arrest, the officer uses greater force than was reasonably necessary to effectuate the arrest. *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009).

In the Affidavit of Probable Cause, Officer Vroom wrote that Wilms "began to slow down and put her hands up when I told her stop and I collided with her thus taking her to the ground. I placed Jakesha into handcuffs double-locked and properly spaced and escorted her into the cage of my patrol vehicle."[2] Based on Officer Vroom's description of events, he did not use excessive force; but for the purpose of screening a complaint, the court must accept Wilms' allegations as true. Because her excessive force claim does not undermine her conviction for Resisting Law Enforcement, she may proceed on it against Officer Vroom even though a factual dispute exists as to whether he used excessive force.

For these reasons, the court:

(1) GRANTS Jakesha Jachelle Wilms leave to proceed against Fort Wayne Police Officer J. Vroom, 2139F, in his individual capacity for compensatory and punitive damages for using excessive force during her arrest on March 15, 2025, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Fort Wayne Police Department;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful

---

[2] In the spirit of N.D. Ind. L.R. 7-1(f), a copy of the Affidavit of Probable Cause is attached. Though Indiana attorneys can access it at mycase.IN.gov, it is not publicly available online.

means to locate and serve process on) Fort Wayne Police Officer J. Vroom, 2139F, at the Fort Wayne Police Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Fort Wayne Police Chief to provide the full name, date of birth, and last known home address of any defendant who does not waive service if he has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Fort Wayne Police Officer J. Vroom, 2139F, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 13, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT